Riordan v. City of Chicago.

---

## Matthew P. Riordan v. City of Chicago.

### Gen. No. 12,200.

1. WAGES—*when probationary patrolman cannot recover alleged arrearages of.* A probationary patrolman who has received and receipted for a specified sum as full payment for his services without protest to the proper official, cannot recover an additional sum claiming that the same had been appropriated and provided to be paid to himself and others similarly situated.

Action of assumpsit. Error to the Circuit Court of Cook County; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the March term, 1905. Affirmed. Opinion filed January 4, 1906.

**Statement by the Court.** The plaintiff sued the city of Chicago to recover the difference between the pay he re-

ceived as probationary patrolman and the wages paid to regular policemen in the years 1900 and 1901.

The evidence shows that the plaintiff was appointed a probationary patrolman in November, 1900, and was promoted to the position of policeman in May, 1901; that during the time he acted as a probationary he was paid for his services at the rate of $60 per month, that then being the wages of such employees; that when the pay wagon came around in December, 1900, and he was paid $60 only, he protested to the officer in charge of the wagon, claiming that he should have received $83.33, the pay of a policeman, as shown by the annual appropriations for 1900 and 1901, and that he repeated this protest; that the pay of a probationary patrolman was $60 per month; that each time he was paid he voluntarily signed the pay roll; and that after he was placed upon the regular force he was paid at the rate of $83.33 per month.

At the close of the plaintiff's case the court instructed the jury to find for the defendant, which being done, a judgment was entered on the verdict.

A. D. GASH and JAMES H. HOOPER, for plaintiff in error.

CECIL PAGE, Assistant Corporation Counsel, for defendant in error; EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel.

MR. JUSTICE BALL delivered the opinion of the court.

The ruling of the trial judge in directing a verdict for the defendant was right. The plaintiff was employed as a probationary patrolman, a position not shown to have been created by any statute or ordinance, and for which it does not appear that an appropriation was ever made. He was hired for a wage of $60 per month, and afterwards, with knowledge that the regular policemen were each receiving $83.33 per month, he acccepted $60 per month and voluntarily receipted for such amount in full for all his services. His protests were made to the officer in charge of the pay wagon. So far as they had a binding effect upon the city,

they might have as well been made to the driver of that wagon. There is nothing in the record showing that he was an officer. The position of probationary patrolman is not an office; it is but an employment.

The judgment of the Circuit Court is affirmed.

*Affirmed.*